Dear Mr. Doughty:
On behalf of the Richland Parish Police Jury (Police Jury) you have requested the opinion of this office on the following situation:
 In early 1999 the Police Jury received identical bids for providing asphalt materials from Koch Materials Company (Koch) and Asphalt Products Unlimited (Asphalt). Both companies claimed the Louisiana preference. The Police Jury accepted the bid of Koch, with whom they had been doing business for the last few years. Was the Koch bid properly accepted?
You indicate that Koch is a foreign corporation doing business in Louisiana. In the past, much of the product which Koch provided was manufactured in Donaldsonville and shipped from there to the Police Jury. However, at present, the product is made in Texas and shipped from Port Neches, Texas.[1] Asphalt Products Unlimited is a foreign corporation doing business in Louisiana and the product which they offer is manufactured in Louisiana.
 R.S. 38:2253 provides:
 § 2253. Preference to firms doing business in state
 In making any purchase it shall be the duty of the officer, purchasing agent, board, district or commission, all things being equal, to give preference to firms doing business in the State of Louisiana. However, this preference shall be inferior to and superseded in instances of conflict with that preference granted by R.S. 38:2251.
Your request indicates that both Koch and Asphalt are corporations doing business in Louisiana, so the two bidders are on the same footing on that criterion. This brings us to consideration of the "preferences" provided by R.S. 38:2251. This statute has been recently interpreted by this office in Opinion Number 98-291, a copy of which is enclosed for your reference. The holding of Opinion Number 98-291, when applied to the situation at hand, would mean that the Police Jury, may, if it chooses, apply the 5% conditional preference to a procurement, and if it does so, the vendor offering the Louisiana product must meet all of the following conditions:
 (1) The cost of the Louisiana products does not exceed the cost of other materials, supplies or equipment which are manufactured, processed, produced, or assembled outside the state by more than five percent.
 (2) the vendor of Louisiana products agrees to sell the products at the same price as the lowest bid offered on such products.
 (3) In cases where more than one bidder offers Louisiana products which are within five percent of the lowest bid, the bidder offering the lowest bid on Louisiana products is entitled to accept the price of the lowest bid made on such products.
In this case, the prices bid are identical so the bidder offering the Louisiana product, Asphalt Products Unlimited, would be preferred if the Police Jury chooses to avail itself of the provisions of R.S. 38:2251H. The statute is silent as to when this choice must be made by the Police Jury, so it would appear that the election could be made at any time prior to contract award. In the interest of full disclosure and fairness, it would be helpful for the Police Jury to make this choice before a solicitation is distributed to potential bidders and to make the decision known in the bid documents.
There is no mandatory preference for Louisiana products other than foodstuffs and paper. It is discretionary with the Police Jury whether to invoke the provisions of R.S. 38:2251H. If it has not done so or does not do so prior to contract award, there is no reason that the Police Jury could not select either bidder since prices were the same. Although not required by law, such tie bids are generally resolved by some random process such as the flip of a coin, with the bidders allowed to be present for that event.
I trust that this answers your inquiry. Please let me know if we may be of any further assistance to you in this matter.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: GLENN R. DUCOTE
Assistant Attorney General
RPI:GRD:jv
Enclosure — 98-291
[1] Although it only became effective on August 15, 1999, Act742 of 1999, pertinently provides: "Whoever, directly or indirectly, by agent or otherwise, intentionally and falsely claims any preference to which he is not entitled under the provisions of this Part shall be subject to penalties of double the dollar amount of the percentage granted through the preference or five hundred dollars, whichever is greater." *Page 1 
OPINION NUMBER 98-291
December 11, 1998
 61-Laws — General 62-B Legislature — Acts and Bills 90-A-1-(c) Public Funds and Contracts — Purchase of materials and supplies R.S. 1:3
R.S. 38:2251
R.S. 39:1595
Under R.S. 38:2251(B)(3) and (H) a Honorable Glenn B. Ansardi conditional five percent purchasing House of Representatives preference may be applied to the 1940 I-10 Service Rd., purchase of computers. The seven Suite 125 percent preference granted by Kenner, LA 70065 Paragraphs (B) and (C) apply only to food and paper products.